**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 13, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-20394
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ADESHINA OLANREWAJU LAWAL

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-517-ALL

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Adeshina Olanrewaju Lawal appeals his convictions and sentences for attempting bank fraud, possessing a forged or counterfeit security, and aiding and abetting the same. He argues that the district court erred by denying his requested jury instruction on the defense of entrapment; enhancing his sentence for obstruction of justice; and enhancing his sentence because a substantial portion of his fraudulent scheme occurred outside of the United States.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court was not required to instruct Lawal's jury on the defense of entrapment. Although Lawal's trial testimony indicated that he was pressured by a Government informant during the course of his offense, Lawal unequivocally stated that he agreed to participate in the offense only after a third party threatened his life. Lawal did not make a prima facie showing of evidence sufficient to support a reasonable jury's finding of entrapment. See United States v. Ogle, 328 F.3d 182, 185-88 (5th Cir. 2003).

The district court did not err by enhancing Lawal's sentence pursuant to U.S.S.G.§ 3C1.1 for obstruction of justice. The district court's finding that Lawal's sworn post-arrest statement and Lawal's trial testimony were inconsistent was plausible in light of the record as a whole. See United States v. Creech, 408 F.3d 264, 270 (5th Cir.), cert. denied, 126 S. Ct. 777 (2005). Committing perjury is conduct for which the enhancement may be applied. Id. at 270-71; § 3C1.1, comment. (n.4(b)).

Finally, the district court did not err by enhancing Lawal's sentence pursuant to U.S.S.G. § 2B1.1(b)(9)(B), based on a finding that a substantial part of his fraudulent scheme was committed from outside the United States. The finding was plausible in light of the record read as a whole.

AFFIRMED.